Mary Jo O'Neill, AZ Bar #005924
Hillary K. Valderrama, TX Bar #24075201
Christopher R. Houk, AZ Bar #020843
Michael Baskind, AZ Bar #030810
**Equal Employment Opportunity**
**Commission, Phoenix District Office**
3300 N. Central Ave., Suite 690
Telephone: (602) 640-5049
Fax: (602) 640-5009
Email:  mary.oneill@eeoc.gov
        hillary.valderrama@eeoc.gov
        christopher.houk@eeoc.gov
        michael.baskind@eeoc.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) Case No.: |
| Plaintiff, | ) |
| | ) **COMPLAINT** |
| vs. | ) |
| | ) **(JURY TRIAL DEMAND)** |
| Regional Center for Border Health, Inc., | ) |
| Defendant. | ) |
| | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Mayra Casillas. As alleged with greater particularity in paragraph(s) 10-22 below, Regional Center for Border Health Inc. terminated the employment of Casillas because she complained about conduct she reasonably believed to be sexual harassment.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

**PARTIES**

3.      Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant Regional Center for Border Health, Inc., ("Regional Center"), an Arizona Corporation, has continuously been doing business in the State of Arizona and the county of Yuma, and has continuously had at least 15 employees.

5.      At all relevant times, Regional Center has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**ADMINISTRATIVE PROCEDURES**

6.      More than thirty days prior to the institution of this lawsuit, Mayra Casillas

filed a charge with the Commission alleging violations of Title VII by Regional Center.

7.      On June 26, 2014, the Commission issued to Regional Center a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Regional Center to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.      On December 11, 2014, the Commission issued to Regional Center a Notice of Failure of Conciliation advising Regional Center that the Commission was unable to secure from Regional Center a conciliation agreement acceptable to the Commission.

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10.      On or about June 20, 2011, Regional Center engaged in unlawful employment practices at its Somerton location in Arizona in Yuma County, in violation of Section 704(a) of Title VII,  42 U.S.C. 2000(e)-2(a) when it retaliated against Casillas by terminating her employment for opposing conduct she reasonably believed to be sexual harassment.

11.      On or about May 16, 2011, Mayra Casillas was hired by Regional Center as a Program Assistant/Case Manager.

12.      Casillas performed her job duties satisfactorily.

13.      In June 2011 Sara Lydick, Regional Center's Women's Health Director

and Casillas's direct supervisor, struck Casillas on the buttocks on two different occasions. The first incident occurred on or about June 1, 2011 when Lydick slapped Casillas's buttocks as Casillas was passing by. The second incident occurred on or about June 8, 2011 when Lydick slapped Casillas on the buttocks with a medical chart.

14.    On or about June 14, 2011 Casillas reported to Human Resources that Lydick's touchings on Casillas's buttocks were harassing and made her uncomfortable. On the same day, Regional Center held a meeting at which Casillas and Lydick were present along with Amanda Aguirre, President, CEO, and Director of Regional Center and Tuly Medina, Vice President of Human Resources. Casillas described the touchings on the buttocks that Casillas found offensive.

15.    During the meeting Lydick apologized for her touchings on Casillas's buttocks and said the touchings were acts of endearment.

16.    Lydick did not deny Casillas's allegations of touchings on her buttocks.

17.    Lydick admitted that putting her hands on other people's buttocks was part of her growing up.

18.    Aguirre told Casillas that if Casillas did not feel comfortable working with Lydick, Casillas could leave Regional Center.

19.    At least two other Regional Center employees stated Lydick also touched them on the buttocks. Lydick does not deny these allegations.

20.    On or about June 20, 2011 Casillas made a formal report in writing to Regional Center stating that Lydick's touching of Casillas's buttocks make Casillas feel uncomfortable.

21.     On the same day that Casillas made a formal report—on or about June 20, 2011—Regional Center terminated Casillas's employment. Regional Center stated it terminated Casillas's employment because of her "incompatibility" with her supervisor which was "interfering with a positive working environment…." The incompatibility was due to Casillas's complaint of harassment.

22.     Regional Center stated it would have kept Casillas as an employee if Regional Center had an opening for which Casillas was qualified.

23.     The effect of the practices complained of in paragraphs 10-22 above has been to deprive Mayra Casillas of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to conduct she reasonably believed to be unlawful under Title VII.

24.     The unlawful employment practices complained of in paragraphs 10-22 above were intentional.

25.     The unlawful employment practices complained of in paragraphs 10-22 above were done with malice or with reckless indifference to the federally protected rights of Mayra Casillas.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Regional Center, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose conduct they reasonably believe to be unlawful under Title VII.

B.      Order Regional Center to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who oppose conduct they reasonably believe to be unlawful under Title VII and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Regional Center to make whole Mayra Casillas by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

D.      Order Regional Center to make whole Mayra Casillas by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10-22 above, including job search expenses, medical expenses, and other pecuniary losses, in amounts to be determined at trial.

E.      Order Regional Center to make whole Mayra Casillas by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10-22 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Regional Center to pay Mayra Casillas punitive damages for its malicious and reckless conduct, as described in paragraphs 10-22 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the

public interest.

      H.     Award the Commission its costs of this action.


## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its

complaint.

     RESPECTFULLY SUBMITTED this 11th day of March, 2015.


               P. DAVID LOPEZ
               General Counsel

               GWENDOLYN YOUNG REAMS
               Associate General Counsel

               EQUAL EMPLOYMENT OPPORTUNITY
               COMMISSION
               131 M Street NE, 5th Floor
               Washington, D.C. 20507-0004

               */s/ Mary Jo O'Neill*
               MARY JO O'NEILL
               Regional Attorney

               */s/ Hillary K. Valderrama*
               HILLARY K. VALDERRAMA
               Supervisory Trial Attorney

               */s/ Christopher R. Houk*
               CHRISTOPHER R. HOUK
               Trial Attorney

               */s/ Michael Baskind*
               MICHAEL BASKIND
               Trial Attorney

1    EQUAL EMPLOYMENT OPPORTUNITY
     COMMISSION
2    Phoenix District Office
3    3300 North Central Avenue, Suite 690
     Phoenix, Arizona 85012
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28